No. 2797.—HEIRS OF G. P. MCMICHAEL v. MRS. F. BANKSTON, Widow,

etc., et als.

The fact that words appear in an olographic will which are not in the handwriting of the
testator is not good cause for annulling the will, if the words themselves do not change
the meaning nor alter the dispositions made by the testator in his own handwriting.

APPEAL from the Parish Court, parish of Tangipahoa. *O. J. Bradley,*
Parish Judge. *W. Duncan,* for plaintiffs and appellants. *T. & J.
Ellis,* for defendant and appellee.

HOWELL, J. The plaintiffs, who are heirs of G. P. McMichael,
deceased, sue to annul the olographic will of their father on the ground
that it was not wholly written by him.

The four plaintiffs as witnesses state that the will was entirely
written, dated and signed by the hand of the testator, except the word
"to" in the sixth line from the top, and the word "acres" in the
eighth line, which are in a different hand. Another witness and two
experts express the same opinion. The original will is before us, and
it is evident that there is some difference in the appearance of those

two words from the balance of the writing. But it is very manifest that the presence or absence of the two words can have no material effect upon the meaning or contents of the will. Without them the sense is the same as with them—the whole will showing that the testator bequeathed to his wife a certain number of *acres* of land. In another place there is a connected and rational repetition of this bequest in which the same two words are written by the testator.

Admitting, therefore, that the two words in question were added by the hand of another, we may safely, under the first clause of article 1589 R. C. C., consider them as not written, and not impair the validity or effect of the will.

We can not say that the law requires a will to be annulled for so unimportant and trivial cause.

This is not a case in which damages for a frivolous appeal are authorized.

Judgment affirmed.