FESLER, ADM'R, v. SIMPSON ET AL.

WILL.—*Reference to Deed to Determine Estate Devised.*—A. and his wife signed a deed of conveyance of certain real estate, and acknowledged its execution before a proper officer, to his son W. S. and his children, to have and to hold said premises, with the appurtenances, to the said W. S. during his natural life, and at his death to his children in fee simple. On the same day, A. executed his will, in one clause of which he gave to

W. S. and his children "the tract of land described in a deed to him made by me and my wife," giving the date of said deed, being the same as the date of 'said will, "to be held as therein provided." And by said will the testator gave to his two other sons each "a tract of land described in" deeds made to them in like manner; and he directed that after his death his executor should deliver said deeds "to my children to whom said land is conveyed, it being my intention to retain said deeds until my death." And said deed to W. S. and his children was not delivered by the grantor, but was retained by him till his death, after which it was delivered by the executor of A. to said W. S.

*Held,* that, without regard to the question whether there was a sufficient delivery of said deed, W. S. took, under said will, only a life-estate in said land, and he left at his death no estate therein which could be subjected to the payment of his debts.

From the Johnson Circuit Court.

*T. W. Woollen,* for appellant.

*G. M. Overstreet* and *A. B. Hunter,* for appellees.

WORDEN, J.—This was a petition by the appellant, against the appellees, for an order for the sale of certain land to pay debts of the deceased.

The petition alleges that the deceased was the owner of one-third of the land described.

The defendants, who are the children and only heirs of Walter Simpson, answered by general denial, and a special paragraph, in which they alleged title in themselves to the whole of the land, not derived by descent from their father. Demurrer by plaintiff to the special paragraph, for want of sufficient facts, overruled, and exception. Trial by the court, finding and judgment for the defendants. The questions properly raised in the record are, whether the demurrer to the answer was properly overruled, and whether the finding was sustained by the evidence. As the same question is presented by the pleadings and the evidence, we will proceed directly to the latter.

The following are the material facts in the case, as shown by the evidence:

On July 7th, 1856, Josiah Simpson, the father of Wal-

ter Simpson, together with his wife, signed and acknowl-edged before a proper officer the execution of a deed for the land in controversy, to Walter Simpson and his chil-dren, with the following *habendum* : "To have and to hold said premises, with the appurtenances, to the said Walter Simpson during his natural life, and at his death to his children in fee simple."

This deed was not delivered to the grantees in the life-time of the grantor, but was retained by the grantor until his death, soon after which it was delivered by his execu-tor to Walter Simpson, who caused it to be recorded. This deed seems to have been lost, and the record of it de-stroyed; but the parol evidence sufficiently established its contents. On the day of the execution of the deed, save its delivery, the said Josiah Simpson executed a will, the fourth clause of which, the only part necessary to be here considered, is as follows :

" Fourth. I give and bequeath to my son Jesse Simpson the tract of land described in a deed executed by me and my wife to him, dated June 30th, 1855 ; and to my son David Simpson, I give and bequeath the land described in a deed to him, executed by me and my wife June 30th, 1855 ; *and to my son Walter Simpson and his children, I give and bequeath the tract of land described in a deed to him made by me and my wife July 7th, 1856, to be held as therein provided;* and it is my will, and I hereby direct my executor after my death, to deliver said deeds to my said children, to whom the said land is conveyed, it being my intention to retain said deeds until my death."

Josiah Simpson died in 1856, and his will was after-ward duly proved.

The deed which was shown to have been executed by Josiah Simpson to his son Walter and his children, save its delivery, was, as we think, sufficiently identified as the one to which the testator had reference in his will, it not appearing that the testator executed any other to him, of that or any other date.

If the delivery of the deed by the executor, in pursuance of the terms of the will, was a sufficient delivery to give effect to it as a deed, then the case need be pursued no farther, for the deed only gave Walter Simpson a life-estate in the premises; and, of course, he left at his death, no interest therein that could be subjected to the payment of his debts.

From the view which we take of another question in the cause, we think it unnecessary to express any opinion on the subject of the delivery of the deed. We may observe, however, that the case of *Bunn* v. *Winthrop*, 1 Johns. Ch. 329, goes far in upholding deeds of voluntary settlement, though never delivered by the grantor, but retained by him until his death. We cite the following other cases as having some bearing on the point: *Stilwell* v. *Hubbard*, 20 Wend. 44; *Goodell* v. *Pierce*, 2 Hill, 659; *Tooley* v. *Dibble*, 2 Hill, 641; *Foster* v. *Mansfield*, 3 Met. 412; *Hatch* v. *Hatch*, 9 Mass. 307. Deeds never delivered, but retained by the grantor until his death, have sometimes been upheld as testamentary in their operation. See note to case last above cited. It would seem, however, that in such case the deed should be executed with the formality required for the execution of wills.

We come to another point: What interest did Walter Simpson take under the will? We think it clear that he took such interest, and only such, as he would have taken under the deed had it been properly delivered. The will, as we have seen, devises to Walter Simpson and his children the land described in the deed, "to be held as therein provided."

It is claimed by counsel for the appellant, that, as the will gives the land to Walter Simpson and his children, they take as tenants in common, each one-third of the land in fee, there being but two children, and that the deed cannot be looked to in order to ascertain how the devisees were to hold. It is conceded by counsel for the appellant, that the deed may be looked to for the purpose

of ascertaining the subject-matter of the devise—the land; but it is claimed that it cannot be for the purpose of determining the interest devised, the deed specifying a different interest from that implied by the terms of the will, when considered by itself, unconnected with the deed. The counsel ask, "What words are we to incorporate into the will?" We think this question may be answered by saying that at least all parts of the deed to which reference is made in the will, if not the whole deed, must be regarded as incorporated in the will. As was said in the case of *Tonnele* v. *Hall*, 4 N. Y. 140, 144, " The contents of the paper so far as referred to in the instrument executed, become constructively a part of the latter, and in that respect they make together one instrument."

The will refers to the deed, for the purpose of ascertaining the land devised, and also for the purpose of determining how the devisees shall hold it. If the will might refer to the deed for the one purpose, we are unable to see why it might not for the other.

That the will might refer to the deed so as to make the latter a part of the former instrument, we think, is established by the authorities.

Thus, Mr. Redfield says : "Any paper may be so referred to as to become a part of the will, and make it necessary to refer to the paper, in order to ascertain the real intention of the testator in the disposition of his estate." 1 Redfield Wills, p. 261, sec. 14. See *Tonnele* v. *Hall*, *supra*; *Jackson* v. *Babcock*, 12 Johns. 389 ; *Loring* v. *Sumner*, 23 Pick. 98. We are referred by counsel for the appellant, to the case of *Thompson* v. *Quimby*, 2 Brad. 449, which seems to decide the proposition, that reference in a will to another document can be made only for the purpose of description. Thus, the Surrogate says, p. 458 : "Reference may be made in a will to another document, for purposes of description, but there can be no valid testamentary dispositions unless contained in the will; and the testator cannot in his will reserve the power of giving, or

declare that he does give, by an instrument not formally executed according to the provisions of the statute." Judge Redfield, in his work on Wills, vol. 1, pp. 265-6, note 38, evidently disapproves of the case in Bradford, and suggests that it is in conflict with *Tonnele* v. *Hall, supra.*

As before stated, we see no satisfactory reason why the will might not refer to the deed, for the purpose of determining the kind and quantity of estate to be taken by the devisees, as well as for ascertaining the land devised.

And, reading the *habendum* of the deed in connection with the will, and as a part thereof, as we must, since the will refers to the deed to determine how the devisees are to hold, it is clear that Walter Simpson took the whole premises for life, and only for life. He left, therefore, at his death, no estate in the premises which could be subjected to the payment of his debts.

The judgment below is affirmed, with costs, to be levied of the goods and chattels of the intestate.