[S. F. No. 3776. In Bank.—October 5, 1904.]

In the Matter of the Estate of JOHN FAY, Deceased. MARY J. SCOTT et al., Appellants, v. JOHN FAY et al., Respondents.

ESTATES OF DECEASED PERSONS—PROBATE OF HOLOGRAPHIC WILL—MISTAKE IN YEAR OF DATE.—A holographic will which is wholly in the handwriting of the deceased testator, and dated and signed by him, should be admitted to probate notwithstanding an evident mistake or error in the year of the date. If it becomes necessary, the true time at which such will was made may be inquired into; but a simple showing that the holographic will was made at a time different from that written therein will not invalidate it.

ID.—TIME FOR APPEAL FROM ORDER REFUSING PROBATE.—An appeal from an order refusing probate of the holographic will is properly taken within sixty days from the entry of the order. The section of the code in regard to the rendition of judgments does not apply.

ID.—AGGRIEVED PARTIES — BENEFICIARIES UNDER TRUST — VALIDITY — REVIEW UPON APPEAL.—The beneficiaries under a trust created by the holographic will are aggrieved parties, entitled to appeal from the order refusing probate thereof; and the validity of the trust clause as to the appellants will not be determined upon such appeal.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing probate of a holographic will. J. V. Coffey, Judge.

The facts are stated in the opinion.

Louis S. Beedy, for Appellants.

Bart Burke, and Charles J. Pence, for Respondents.

COOPER, C.—This is an appeal from an order refusing to admit to probate an instrument purporting to be the holographic will of deceased.

The instrument was entirely in the handwriting of deceased, and bore date "May twenty-fifth, eighteen hundred and fifty-nine." It is not claimed that the deceased was not of sound mind, nor that the purported will was not his free act and deed. In the instrument the deceased made provision for his son Luke Fay, who was born in 1861; for his son John Fay, who was born about 1865; and for his daughter, Mary Montealegre, who was married to Carlos F. Montealegre in January, 1887, and died March 29, 1900. It is thus evident, from the testimony, that the instrument was not written in 1859, but at some time between the marriage of the daughter and her death. If we were to indulge in conjecture, we would say that the will was written May 25, 1889, the words "fifty-nine" being by mistake or carelessness inserted instead of the words "eighty-nine." There does not appear to be any explanation as to the discrepancy in the date which the instrument bears and the actual date or time when it was executed. No reason is suggested, and none suggests itself to us, as to any object the deceased could have in dating the instrument "eighteen hundred and fifty-nine." He had the right to make a holographic will, provided he complied with the statute in so doing. It is declared in the Civil Code (sec. 1277) that "a holographic will is one that is entirely written, dated, and signed by the hand of the testator himself." This is the same provision as in the Code Napoleon. The instrument in this case is a holographic will, unless we hold that the word "dated" in the above section means the actual and correct time when the instrument was written. The legislature has not used the words "truly dated" nor "correctly dated,"

but the word "dated," which must be construed according to the approved usage of the language (Civ. Code, sec. 13), and in its primary and general sense. (Code Civ. Proc., sec. 1861.) If we should hold that the word "dated" means the true and correct time when the will was written, then any difference shown between the date given in the instrument and the time when it was written would invalidate it. If, under such rule, a testator, in his right mind, by his own hand, should write his will and date it January 1, 1903, and it should be shown by oral evidence to have been written January 1, 1904, the will would be void; and yet we know by constant experience that business men many times during the first few days of the new year write the date of the old. And also many times we get the wrong impression as to the day of the month, and instead of the correct date write the date as of the day preceding, or even of the following day. The word "date" or "dated" is often used as referring to the date or time written in an instrument; thus it is provided in our code that any date may be inserted in a negotiable instrument, whether past, present, or future. (Civ. Code, sec. 3094.) The Century Dictionary defines the verb "date" "to mark with a date, as a letter or other writing." A will, other than a holographic will is not required to be dated, and as to all other wills, parol evidence is admissible to show the true date, even if contradictory of the written date. (Underhill on Wills, sec. 268.) A holographic will must be dated, for the reason that the legislature has said so, but we do not think it would be a sound rule to hold that any mistake or error in the date would invalidate the will. It will be presumed that the date given is the true date. We apprehend that cases will rarely occur in which this is not so. If it becomes necessary in any case upon a question as to the sanity of the testator, or probably other questions, the true time at which the will was made may be inquired into, but we hold that simply showing that a holographic will was made at a time different from that written therein will not invalidate it. The date is not the material thing, although made necessary by the statute. It is a means of identification, and aids in determining the authenticity of the will; but the main and essential thing is, that the will be wholly written and signed by the hand of the testator. The origin of holo-

graphic wills arose probably under the civil law where among unsolemn privileged wills was that of a father bestowing his property on his children, all in his own handwriting. (1 Brown on Civil and Admiralty Law, p. 290.) A holographic will may be proved in the same manner that other private writings are proved. (Code Civ. Proc., sec. 1309.) A private writing may be proved by evidence of the genuineness of the handwriting of the maker. (Code Civ. Proc., sec. 1940.) We do not mean to be understood as holding that a holographic will must not be dated, because that is made essential by the statute. Our attention has not been called to any case directly in point, nor have we been able to find any.

It is said in *Bement & Dougherty* v. *Trenton Locomotive etc. Co.*, 32 N. J. L. 515: "The primary signification of the word *date* is not time in the abstract, nor time taken absolutely, but, as its derivation plainly indicates, time *given* or specified, time in some way ascertained and fixed; this is the sense in which the word is commonly used. When we speak of the date of a deed, we do not mean the time when it was actually executed, but the time of its execution, as given or stated in the deed itself. The date of an item or of a charge in a book of account is not necessarily the time when the article charged was in fact furnished, but simply the time given or set down in the account in connection with such charge."

In Underhill on Wills (sec. 181) it is said: "Where the date is given it may be contradicted by parol, though until that is done it will be presumed, in a case of holograph, that the will was executed upon the date which is stated in it."

The language of the Civil Code of Louisiana is the same in meaning as the section of our code in regard to holographic wills. It was held by the United States circuit court in *Gaines* v. *Lizardi*, 3 Woods, 77, 9 Fed. Cas. 1042, that where the proof showed that a holographic will was written and signed by the testator, and bore date of some day in a designated month, but did not show of what particular day, that it was a sufficient compliance with the provisions of the code as to dating. The case involved the probate of a holographic will which had been lost or destroyed, but it illustrates the point in the case at bar. In case of a holographic will which has been lost or destroyed it might be impossible to prove the

day of the month, or even the month, in which it was executed, and yet the evidence might be clear and convincing that the will was entirely written, dated, and signed by the hand of the testator. Should the courts, in such cases, exclude the will from probate because the correct time at which it was written could not be proven? In *Estate of Skerrett,* 67 Cal. 587, the deceased in his lifetime signed a deed purporting to convey certain property to his sister. The record in the case shows that the deed was dated April 26, 1881, and acknowledged before a notary April 27, 1881. The deed was never delivered, and therefore could not take effect as a deed. It was not of a testamentary character, and could not be given effect by itself, as a holographic will. But a copy of the deed in the handwriting of deceased was found after his death in an envelope with a letter addressed to the sister. The letter was without date, but showed an intention clearly expressed in his handwriting that his sister should have the property. The time at which the copy of the deed was made by deceased did not appear, nor was there anything to indicate the time when the letter was written, except that it was some time after the acknowledgment of the deed. This court said: "Neither the copy of the deed nor the letter, taken by itself, constitutes a will; the one is not testamentary in its character, and the other has no date; but taking them together as the deceased left them, forming one document, it is complete. The first part furnishes the date, and the latter the testamentary character." Now, it appears evident, in the above-cited case, from the contents of the letter, that the copy of the deed and the letter must have been made after the date of acknowledgment. There was in fact nothing to show when the copy was made, but it contained a *date,* and with the letter the holographic will was held good. The case was followed and approved in *In re Soher,* 78 Cal. 478. In *Estate of Lakemeyer,* 135 Cal. 28,[1] a holographic will was headed: "New York, Nov. 22, '97," and it was held that the will was dated, the abbreviation " '97" meaning 1897. Therefore, it appears to be the rule of this court, as of all other courts, to construe wills as valid, in preference to holding them void.

It is provided in the Civil Code (sec. 1326) that of two modes of interpreting a will, that is to be preferred which

---

[1] 87 Am. St. Rep. 96.

will prevent a total intestacy. The supreme court of Louisiana adopted the above liberal rule in *Heirs of McMichael* v. *Bankston,* 24 La. Ann. 451, in which it was held that where two words in a holographic will were not in the handwriting of deceased, but did not change the meaning nor alter the dispositions made by the testator, the will would be upheld. When a man of sound mind and memory, by his own hand and signature, has plainly made a disposition of his property, the courts should carry out his intention if it can be done without violating the mandates of the law.

Respondent contends that this appeal was not taken within sixty days after "the rendition of the judgment," and hence the evidence cannot be considered on this appeal. The appeal was taken within sixty days after the entry of the order, and was within time. The section of the code in regard to rendition of judgments does not apply. (Code Civ. Proc., sec. 963, subd. 3; *In re Smith,* 98 Cal. 636; *Estate of Scott,* 124 Cal. 675.) The stipulation shows "that the testimony of the appellant John Fay and the testimony of Luke Fay, set forth in full in said transcript, was the only evidence adduced at the hearing of the petition for the probate of said will contained therein." Appellants are parties aggrieved and entitled to appeal. They are beneficiaries under a trust created by the will, and the court will not here determine the validity of the trust clause as to appellants. (Code Civ. Proc., sec. 1299; *Estate of Cobb,* 49 Cal. 599; *Estate of Murphy,* 104 Cal. 554; *Graham* v. *Birch,* 47 Minn. 171.[1])

It follows that the order should be reversed.

Gray, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed.

Shaw, J.,   Angellotti, J.,   McFarland, J.,
Lorigan, J., Henshaw, J.,   Beatty, C. J.

[1] 28 Am. St. Rep. 339, and note.