[S. F. No. 10519. In Bank.—August 16, 1923.]

In the Matter of the Estate of F. W. FRANCIS, Deceased.

[1] WILLS—HOLOGRAPHIC WILL—PRINTED FIGURES IN DATE—EFFECT
OF.—Where the first two figures of the date in the year "1919"
in an alleged holographic will are printed, such printed figures,
although unnecessary to sufficiently date the will, are a part of
the date, and the will is consequently not entirely dated in the
handwriting of the testator and therefore not a valid holographic
will.

[2] ID.—WILL TWICE DATED—ONE DATE NOT IN HANDWRITING OF
TESTATOR—EFFECT OF.—The fact that the testator twice dates
the will does not constitute it a holographic will where one date
is not in his handwriting.

APPEAL from an order of the Superior Court of
the City and County of San Francisco denying probate to
a holographic will. Frank H. Dunne, Judge. Affirmed.

The facts are stated in the opinion of the court.

Arthur A. Chazel and W. A. Breen for Appellant.

WILBUR, C. J.—This is an appeal from an order denying
probate to a holographic will. The order was based upon
the fact that the first two figures of the date in the year
"1919" were printed. [1] If the date had contained the
last two figures only it would have been sufficient (*Estate
of Lakemeyer*, 135 Cal. 28 [87 Am. St. Rep. 96, 66 Pac.
961]; *Estate of Chevallier*, 159 Cal. 161 [113 Pac. 130]),
but the printed figures were adopted by the testator as a
part of his will, and although the printed figures were un-
necessary to sufficiently date the will, they were a part of
the date, and the will was consequently not entirely dated
in the handwriting of the testator. The rule announced in
*Estate of Thorn*, 183 Cal. 512 [192 Pac. 19], is controlling
The envelope containing the will has a date on its face in
the handwriting of the testator as follows: "10/22/19,"
and it is urged that this is a part of the will and a sufficient

Requirement that date in holographic will be written by testator,
notes, 20 Ann. Cas. 369; L. R. A. 1916E, 503.

dating of the will. Assuming, without deciding, that the date on the envelope is a part of the will, the rule announced in *Estate of Thorn, supra,* nevertheless controls, for it was held in that case that although all essential portions of the document were in the handwriting of the testator, and the printed matter constituted a mere repetition of what was already written in the handwriting of the decedent, the testator having made the printed matter as well as the written matter a part of the will, the will for that reason is not entirely in his handwriting. **[2]** Hence the fact that the testator twice dated the will would not constitute a holographic will where one date was not in the testator's handwriting.

Order affirmed.

Waste, J., Kerrigan, J., Lawlor, J., Lennon, J., and Seawell, J., concurred.

MYERS, J., Concurring.—I concur solely because I must agree that this case is ruled by the decision in *Estate of Thorn,* and if a change is to be made in the rule as there announced it should be by legislative enactment.