[Civ. No. 11000. Second Appellate District, Division Two.—June 1, 1936.]

In the Matter of the Estate of HENRY FRANCIS MAGUIRE, Deceased. FRANCIS C. MAGUIRE et al., Respondents, v. SYLVIA S. ROGERS, Appellant.

Griffith & Thornburgh, Robertson, Crawford & Nichols, S. E. Crow and J. V. Wood for Appellant.

Edward F. Wehrle, Smith & Delwiche, Heaney, Price, Postel & Parma and Norman W. Ambrose for Respondents.

CRAIL, P. J.—This is an appeal from a judgment of the superior court denying admission to probate of a holographic will. The instrument consisted of a double sheet of foolscap paper containing the dispositive clauses signed by the testator but not dated and a codicil thereto signed by the testator

and dated "March nineteen hundred and thirty"; both were inclosed and sealed in an envelope which bore on its face the words: "Will of H. F. Maguire Mch 8th, 1930", all in the handwriting of the testator. ▮ The questions for our consideration are two: (1) Was the foolscap paper itself sufficiently dated in order to qualify it in this respect as a holographic will? (2) Was the envelope a part of the will to thus supply a complete date?

The first question must be answered in the negative. "A date which is incomplete, because lacking a statement of the day, the month, or the year of execution does not satisfy the statutory definition of a holographic will." (*Estate of Vance*, 174 Cal. 122 [162 Pac. 103, L. R. A. 1917C, 479].) In that case the instrument was dated as follows: "This 22nd day of March in the year of our Lord one thousand." The date was written entirely by the hand of the testator, but the court said: "We think it cannot fairly be said that the paper was '*entirely* dated by the hand of the testator'." See, also, *Estate of Price*, 14 Cal. App. 462 [112 Pac. 482]; *Estate of Martin*, 58 Cal. 530; *Estate of Thorn*, 183 Cal. 512 [192 Pac. 19]; *Estate of Anthony*, 21 Cal. App. 157 [131 Pac. 96]. In the *Estate of Billings*, 64 Cal. 427 [1 Pac. 701], the court said: "It [a holographic will] must be entirely written, it must be entirely dated, and it must be entirely signed by him." This language was quoted with approval in the *Estate of Thorn, supra,* and *Estate of Vance, supra.*

If the matter had not already been decided in California and become a rule of property, we would be inclined to hold otherwise. The statute reads as follows: "A holographic will is one that is entirely ·written, dated and signed by the hand of the testator himself." (Sec. 53 of the Probate Code.) Our first impression of the meaning of this sentence is that a holographic will must be written, dated and signed entirely by the hand of the testator,—and not that the will must be entirely written, entirely dated and entirely signed by the hand of the testator. During years of experience in the probate court the writer of this opinion never heard the contention made that a holographic will must be entirely written in the sense that the will would be invalid if a syllable of one of the words were omitted or if an entire word were omitted, and we never heard the contention made that such

a will must be signed by the full signature of the testator. Yet to be consistent this obviously would be the meaning of the statute. But this court is not the Supreme Court of the State of California and it is the duty of this court to follow the law as it is interpreted by that court.

As early as 1923 in a case involving the same section Louis Myers, Justice, afterwards Chief Justice, in a concurring opinion said: "I concur solely because I must agree that this case is ruled by the decision in *Estate of Thorn*, and if a change is to be made in the rule as there announced it should be by legislative enactment." (*Estate of Francis*, 191 Cal. 600 [217 Pac. 746].) Thereafter an additional sentence was added to the section by the legislature as follows: "No address, date or other matter written, printed or stamped upon the document, which is not incorporated in the provisions which are in the handwriting of the decedent, shall be considered as any part of the will." But, even so, the legislature has not yet taken care of the situation which confronts us herein. Grief and disappointment are often caused to those depending upon holographic wills by the law as it now exists. A tragic illustration was the will of June Mathis, Los Angeles Superior Court, No. 90235. It may be that some time in the future the legislature will make an additional amendment to the section to the effect that no date is necessary provided the approximate time of the execution of the will is proved and that the testator was competent to make a will during all the time within the limits of said approximation.

Was the envelope a part of the will to thus supply a complete date? Whether the envelope was a part of the will, or whether the inscription on the envelope was merely descriptive of the contents of the envelope, was a question of fact to be determined, like all questions of fact, by the fact finder upon the evidence and circumstances in evidence bearing upon the question and the inferences fairly to be drawn therefrom. (*Estate of Streeton*, 183 Cal. 284 [191 Pac. 16].) This, indeed, is admitted by the proponent of the will. The question might have been determined either way by the fact finder. It was determined adversely to the proponent. The determination of the trial court on a question of fact is not to be overthrown on appeal unless that determination is without support in the evidence, and it cannot be said in this case

that there was not any substantial evidence to sustain the finding.

Judgment affirmed.

Wood, J., and McComb, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 30, 1936.