[Civ. No. 6451. Third Appellate District.—November 28, 1940.]

In the Matter of the Estate of FRANK DURLEWANGER, Deceased. Mrs. GEORGE HOLMAN, Appellant, v. FLORENCE BOYES, Public Administrator, etc., Respondent.

Ira B. Langdon for Appellant.

Foltz & Rendon for Respondent.

PULLEN, P. J.—This appeal is from an order refusing to admit to probate a certain instrument as the last will and testament of Frank Durlewanger, deceased, upon the ground that the proffered document, presented as an holographic will, was not entirely written, dated and signed by the hand of the testator.

The document consisted of one sheet of the stationery of the United States Hotel, upon which the deceased attempted to dispose of his property. No point is made that upon this paper appeared near the top in rather large type the name of the hotel, but just above the space reserved for correspondence appeared in printing, ''Stockton, Calif. —— 19—'', and the testator in dating his will, wrote in the first space, ''May 3'', and after the printed figures ''19'', he inserted the figures ''38''.

The vital portion of the order refusing to admit this instrument to probate recited in effect that Frank Durlewanger died a resident of the County of San Joaquin and left property therein, and ''that said document purporting to be the last will and testament of Frank Durlewanger, deceased, is one that is not entirely written, dated and signed by the hand of said Frank Durlewanger, deceased, and that the printed figures ''19'' appearing in the date of said document offered for probate, namely 19 38, are the only portions of said alleged will not in the handwriting of said deceased.''

The question here involved is, therefore, whether or not this instrument, otherwise valid as an holographic will, is invalid because of the printed numerals ''19'' in the date May 3, 38.

Originally section 1277 of the Civil Code defined an holographic will as one that was entirely written, dated and signed by the hand of the testator himself, and was not subject to any other form and required no witnesses. When the Probate Code was compiled in 1931 this definition of an holographic will was reenacted as section 53 of that Code, and there was then added the following:

''No address, date or other matter written, printed or stamped upon the document, which is not incorporated in the provisions which are in the handwriting of the decedent, shall be considered as any part of the will.''

■ The right to dispose of property by will is neither an inherent nor a constitutional right but is entirely statutory and is a privilege that must conform to the conditions imposed by the legislature. (*Estate of Carpenter,* 172 Cal. 268 [156 Pac. 464, L. R. A. 1916E, 498].) Early in the judicial history of our state the courts adopted a literal interpretation of section 1277 of the Civil Code and required that an instrument to be admitted as a holographic will must, in its entirety, be written, dated, including the day, month and year, and signed by the testator himself in his own handwriting.

One of the first cases in California considering a holographic will held that one who wrote "April 1", on a line where was printed "Sacramento" and "1880", had failed to comply with the terms of the statute, and that "the words 'April 1', do not constitute a date—do not show on what April 1 that paper was written—there being, as suggested in the argument, many days 'April 1' in the life of any man." (*Estate of Billings,* 64 Cal. 427 [1 Pac. 701].) So also to the same effect is *Estate of Maguire,* 14 Cal. App. (2d) 388 [58 Pac. (2d) 209], where March 1850 was the only date given, and *Estate of Schiffman,* 16 Cal. App. (2d) 650 [61 Pac. (2d) 331], where Tues. Aug. 20, was written. These are instances of the failure to give the day, month or year as required by the statutes. Further illustrations of this defect are found in Roberts on Succession, 49 La. Ann. 868 [21 So. 586, 62 Am. St. Rep. 672], where the testator filled out the printed date 189—. The same thing is found in *In re Noyes,* 40 Mont. 190 [105 Pac. 1017, 20 Ann. Cas. 366, 26 L. R. A. (N. S.) 1145], where a printed 190— was filled in, and this instrument was held invalid. These cases, however, are not in point here.

A sufficient date may, however, be all in figures as "4-14-07" (*Estate of Chevallier,* 159 Cal. 161 [113 Pac. 130]), and "Nov. 22/97" as used in *Estate of Lakemeyer,* 135 Cal. 28 [66 Pac. 961, 87 Am. St. Rep. 96], was recognized as a sufficient compliance with the statute.

A review of the more recent expressions of our Supreme Court and the last enactment of the legislature in section 53 of the Probate Code seem to indicate a tendency toward a greater liberality in accepting a writing as a holographic will, and brings California more nearly in line with the rule applied in other states where statutes similar to ours are in

effect. (20 Ann. Cas. 366.) In *Estate of Vance,* 174 Cal. 122 [162 Pac. 103, L. R. A. 1917C, 479], an instrument dated "22nd. day of March in the year of our Lord one thousand" was held to be not dated and inadmissible as a holographic will, although in *Estate of Fay,* 145 Cal. 82 [78 Pac. 340, 104 Am. St. Rep. 17], a will was dated "1859", which the court construed to mean "1889", and in *Estate of Wilkinson,* 113 Cal. App. 645 [298 Pac. 103], the instrument was dated "December — fourth, nine hundred and twenty eight", and admitted. In these latter two cases the courts relied in part at least, upon the rule long declared the policy of the courts of this state that in determining whether a will had been executed in conformity with statutory requirements it would construe wills as valid in preference to holding them void.

Appellant here makes some contention also that the date is an essential, but not an integral part of the will, and finds some support in the *Estate of Fay, supra,* where the court, in commenting upon the importance of the date, said: "The date is not the material thing, although made necessary by the statute. It is a means of identification, and aids in determining the authenticity of the will . . . ", and also in *Estate of DeCaccia,* 205 Cal. 719 [273 Pac. 552, 61 A. L. R. 393], where it is said, "After the words 'Los Angeles, Calif.' the testator wrote the date the document was to bear, *and then proceeded to write out his will."* (Emphasis added.)

Turning from the informalities in the dating of the instrument and looking at the presence of printed words upon the face of the paper we find in *Estate of Soher,* 78 Cal. 477 [21 Pac. 8], that the mere presence of words, written or printed, upon the paper, does not necessarily make such words a part of the will. There, a codicil to the will contained an attestation clause at the end, but such a clause was held not a part of a holographic will, and therefore immaterial.

In *Estate of Thorn,* 183 Cal. 512 [192 Pac. 19], a document of a testamentary character, wholly in the handwriting of the deceased, except the name of a park inserted with a rubber stamp as a part of the description of land devised, was not an holographic will, notwithstanding the property was sufficiently identified without the stamped words, the reviewing court holding that where the testator himself deemed the name of the tract essential to a description of the property,

such descriptive words must be held to constitute a part of the will.

Following this rule, the court, in *Estate of Francis,* 191 Cal. 600 [217 Pac. 746], rejected an instrument offered as an holographic will where the first two figures in the date 1919 were printed. In this case, Mr. Justice Myers, later a distinguished Chief Justice of our Supreme Court, reluctantly concurred in the opinion solely because of the rule expressed in *Estate of Thorn, supra,* and stated if a change were to be made it should be by legislative enactment.

Closely following the Francis case in point of time is *Estate of Bernard,* 197 Cal. 36 [239 Pac. 404]. There probate was refused a document holographic in form, all in the handwriting of the deceased, except the words in the date line, "Long Beach, California". Above these printed words, however, appeared in the handwriting of the deceased, "the following 4 sheets of paper included". This instrument terminated near the middle of the last page without a signature. The court considered at some length the effect of a sufficient signature with respect to its place in the instrument, and held the will was not signed by the testator. What is later said as to the presence of the printed words, "Long Beach, California", is therefore not necessary to the order refusing the instrument to probate. However, we need not devote much attention to the Thorn, Francis or Bernard cases, as the Supreme Court, speaking through Mr. Justice Curtis, in *Estate of Oldham,* 203 Cal. 618 [265 Pac. 183], and *Estate of DeCaccia,* 205 Cal. 719 [273 Pac. 552, 61 A. L. R. 393], has so treated these cases as to make them of little weight in solving the problem here presented, and furthermore, the court, in *Estate of Bower,* 11 Cal. (2d) 180 [78 Pac. (2d) 1012], has clearly pointed out the factual differences between the Thorn and Bernard cases and the Oldham and DeCaccia cases, which distinction is also applicable to the case at bar.

In the Oldham case, *supra,* the decedent attempted to write his holographic will. The printed words, "Los Angeles, Calif." appeared on the face of the paper used, and it was claimed that the instrument was not entirely in the handwriting of the testator. The court held, however, that although the words "Los Angeles, Calif." were followed on the same line by the written date, such was a circumstance so slight as not to warrant the conclusion that the deceased

thereby intended to make such printed words a part of his will.

This decision was followed a few months later by *Estate of DeCaccia, supra.* There the printed words "Oakland, California" appeared upon a document otherwise in the handwriting of the deceased. The court again referred to the several decisions that had been previously before it upon the question of holographic wills, and again held that there was nothing in the instrument indicating any intention to make the printed words "an essential part of the document."

Quite in point on the question here before us is what the court there said:

"The mere fact that the decedent placed the date immediately after and upon the exact line with the printed words in the instrument is not in itself sufficient to show that he thereby intended to make said printed words a part of said instrument. Nowhere in said instrument is there any reference made to the printed words upon the sheet of paper used by said decedent for the purpose of writing his will. The printed words are in no way essential to the validity of the instrument as a holographic will, and we are not to presume that decedent made them a part of the instrument he executed without some evidence appearing upon the face of the instrument itself manifesting such an intention. The mere presence of printed matter upon stationery used by a person for the purpose of writing his holographic will which forms no part of the written instrument and to which no reference directly or indirectly is made in the written instrument, will not destroy the effect of such instrument as a holographic will."

We are not unmindful of the *Estate of Bower,* 11 Cal. (2d) 180 [78 Pac. (2d) 1012]. There it will be recalled the deceased used a printed form of a will, filling in, as here indicated by italics, certain blank spaces. The paper read:

"Last Will and Testament

In the Name of God, Amen, I, *R. J. Bower* of *Bakersfield* State of *California* of the age of *61* years, and being of sound and disposing mind and memory and not acting under duress, menace, fraud, or undue influence of any person whatever, do make, publish and declare this my last will and testament, in the manner following, that is to say:

First: *I give and bequeath all my property of every kind
and description whatsoever whether real or personal to
Anna K. deBillier.*

Secondly: *R. J. Bower
Mach fourth
Nineteen hundred thirty two* ''

The court held that it appeared upon the face of the
instrument that the deceased intended to incorporate the
printed portions into his will, and as illustrative of that
intention pointed to the figures ''61'' in the handwriting of
the deceased which was entirely meaningless unless read in
connection with the printed words ''of the age of *61* years''.
The court there correctly held that it appeared on the face
of the purported will that certain printed matter was in-
tended by the testator as a part of his will, and therefore the
document was invalid as a holographic will.

But we do not believe in the instant case that the figures
''*19*'' standing alone and neither expressly nor impliedly
nor by reference referred to in the will can be construed as
a part thereof.

The fact that the date was placed near the printed
words or figures might by a forced construction be held to
be some indication of an intent to adopt such printed matter,
but courts should presume that the intention of the testator
was that of a reasonable and prudent man under the circum-
stances, and should not adopt a strained construction to de-
feat what there is every reason to believe was the desire of
the testator. (*In re Soher,* 78 Cal. 477 [21 Pac. 8].)

Substantial compliance with the statute, and not ab-
solute precision is all that is required, and it must be kept
in mind that section 53 of the Probate Code was enacted
after the concurring opinion of Mr. Justice Myers criticising
the rule as expressed in *Estate of Francis, supra.*

The language of the present section seems particularly
applicable to the situation before us: '' . . . No date . . .
printed upon the document, which is not incorporated in
the provisions which are in the handwriting of the decedent
shall be considered any part of the will.'' There is nothing
to indicate in any particular that in the instant case the
printed figures ''*19*'' were ''incorporated in'' or ''an essen-

tial part of the document", or "that he thereby intended to make said printed words a part of said instrument."

In an effort to make effective the intent of the testator the courts have gone so far as to reject immaterial matter even if made a part of the will, saying: "The presence of the words 'Last Will an (*sic*) Testament of Joseph M. Whitney' at the top of the sheet as above described is immaterial even if such words be deemed an essential portion of the will, which they are not." (*In re Whitney's Estate,* 103 Cal. App. 577 [284 Pac. 1067].) It is there held that the mere placing of the date immediately after or upon the exact line with printed words in the instrument is not in itself sufficient to show that the testator thereby intended to make such printed words a part of the instrument. The court could not assume, it held, that the decedent made such printed words a part of the instrument he executed without some evidence upon the face of the document manifesting such an intention, and mere juxtaposition is not enough to indicate such intention.

It would therefore appear that the order of the trial court denying probate of the instrument before us in the absence of any showing that the testator did intend to make the printed figures a part of his will, was a too literal construction of section 53 of the Probate Code. The order denying the admission of the document to probate is therefore reversed. It is so ordered.

Thompson, J., concurred. Jones (G. L.), J., *pro tem.*, dissented.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 27, 1941. Curtis, J., and Edmonds, J., voted for a hearing.