[Civ. No. 34912. Second Dist., Div. Two. Apr. 28, 1970.]

Estate of MAXIMILLIAN N. LANDO, Deceased.
YOLAN GOLDBERGER et al., Plaintiffs and Appellants, v.
CROCKER CITIZENS NATIONAL BANK, as Executor, etc., et al.,
Defendants and Respondents.

**COUNSEL**

Dubrow & Bell, Dennis Dubrow, Brock & Rykoff, Robert L. Brock, Louis Naiditch and Ellis J. Horvitz for Plaintiffs and Appellants.

Thomas C. Lynch, Attorney General, Carl Boronkay, Deputy Attorney General, John D. Maharg, County Counsel, Michael H. Dougherty, Deputy County Counsel, Roger Arnebergh, City Attorney, Bourke Jones, Charles W. Sullivan, Assistant City Attorneys, L. A. Weaver, Deputy City Attorney, Donovan & Gould, Dennis F. Donovan, Edward M. Raskin and Gerald E. Lichtig for Defendants and Respondents.

**OPINION**

**FLEMING, J.**—Yolan Goldberger, next-of-kin of decedent Maximillian N. Lando, and her assignees, appeal the denial of their petition to revoke probate of decedent's holographic will on the ground that the will is not entirely in decedent's handwriting. Respondents are beneficiaries under the will—the University of Minnesota, the Attorney General of California (representing a charitable trust for the benefit of the People of Los Angeles (*Estate of Schloss,* 56 Cal.2d 248, 257 [14 Cal.Rptr. 643, 363 P.2d 875])), the City of Los Angeles, and the County of Los Angeles—and the executor of the will Crocker-Citizens National Bank.

The will begins with the title, "Last Will and Testament of Maximillian N. Lando." The title and the matter following it, which includes the dispositive provisions, the date, and the signature, are entirely in the handwriting of the decedent. Above the handwritten title, "Last Will and Testament of Maximillian N. Lando," is an impressed letterhead:

> "DR. M. N. LANDO
> OPTOMETRIST
> 5542 BARTON AVE., HOLLYWOOD, CALIF.
> HEMPSTEAD 4835"

The number "38" has been written in ink after "CALIF.," a line has been drawn through "HEMPSTEAD 4835," and a handwritten "HO-3-0594" has has been added. Thus, the impressed letterhead has been corrected to read:

> "DR. M. N. LANDO
> OPTOMETRIST
> 5542 BARTON AVE., HOLLYWOOD, CALIF. 38
> HEMPSTEAD 4835   HO-3-0594"

Decedent owned the hand-embossing stamp used to make the impressed letterhead, and he used it on letters and cards. The address on the letterhead was decedent's address at the time of the execution of the will and at the time of his death. When postal zones were created decedent's became "38." His telephone number had been changed from Hempstead 4835 to HO-3-0594.

According to John J. Harris, a handwriting expert who testified for appellants at the trial, the line striking out "HEMPSTEAD 4835" was made after the letterhead had been impressed. That line, together with the number "38" and the figures "HO-3-0594," was in the handwriting of decedent. The written changes in the letterhead were made in black ink similar to that used in the body of the will and could have been made with the same ballpoint pen. No test could show conclusively that these changes and the will itself were written with the same pen, or, if they were, that they were written at the same time. However, two other letters of decedent bearing the same corrected impressed letterhead were introduced, one written in blue ink, the other in red, and the letterhead on each had been corrected in ink of the same color as that used in the body of the letter.

The trial court found "It is not true that the deceased intended to incorporate in the provisions of his Last Will, which was duly admitted to probate, any of the impressed or handwritten material stamped or placed upon the document above the words 'Last Will and Testament of Maximillian N. Lando'. It is not true that said Last Will of the deceased incorporated in its provisions any of the impressed or handwritten material stamped or placed upon the document above the words 'Last Will and Testament of Maximillian N. Lando'. It is true that said impressed and handwritten material stamped or placed upon said document above the words 'Last Will and Testament of Maximillian N. Lando' is surplusage, is not essential to the validity of the Will of said deceased, is not relevant to the Decedent's testamentary intent or to the dispositive meaning of his Last Will, and should not be and is not considered by the Court to be any part of the Last Will of the deceased . . ."

The only issue in this case is whether the testator intended to incorporate the corrected letterhead into his will, an issue which must be solved by construction of the document itself. We think the issue is wholly governed by the principles set forth in *Estate of Baker,* 59 Cal.2d 680, 683 [31 Cal.Rptr. 33, 381 P.2d 913].

In *Baker* the testator had written his will on a sheet of hotel stationery on which appeared the following printed letterhead:

AAA
APPROVED

HOTEL COVELL
MODESTO, CALIFORNIA

The testator had drawn lines through all the matter on the letterhead except "MODESTO, CALIFORNIA," next to which he had written the date, and below which he wrote the body of his will. The trial court found that the printed words, "MODESTO, CALIFORNIA," had been impliedly incorporated into the will and therefore the will was not "entirely written, dated and signed by the hand of the testator himself." (Prob. Code, § 53.)[1]

The Supreme Court reversed the trial court and upheld the validity of the will. The court noted the rule that the mere presence of printed matter on the paper is not fatal to the validity of a holographic will if the printed matter is not included or incorporated, directly or indirectly, into the will. It then went on to state "the fact that decedent crossed out the printed language 'AAA APPROVED' and 'HOTEL COVELL' at the top of the page, while omitting to cross out 'MODESTO, CALIFORNIA' before writing in the date, does not provide a reference in the will to the latter two words or warrant the conclusion that he intended to or did incorporate in the hand-written provisions, such two words which were immaterial to validity of the document as a holographic will. We hold this to be true even if it be inferred that, because decedent's earlier witnessed will and codicil contained the words 'Modesto, California,' decedent may have believed that designation of locality was necessary in a testamentary document. It would unreasonably advance form over substance to hold that such a mistaken belief, if it existed, would defeat the testator's clearly, and otherwise validly, expressed testamentary intent. Here, there is no actual reference to or express incorporation of the mooted two words, and they are no more relevant to the decedent's testamentary intent, or to the dispositive meaning or adequacy of the codicil, than are the words of the advertising slogan printed at the bottom of the paper. This conclusion is consistent with the long-established rule that the presence of the signatures of witnesses will not invalidate an otherwise effective holographic will, 'even though the testator believed the attestation essential and intended the execution to be in the attested form.' [Citations.] Any statements or implications contrary to the views herein stated, which appear in *Estate of Bower* (1938) *supra,* 11 Cal.2d 180, 184, are overruled." (*Id.* at pp. 685-686.)

In *Baker* the Supreme Court also cited with approval *Estate of Durlewanger,* 41 Cal.App.2d 750 [107 P.2d 477], about which it had this to say (pp. 684-685): "In the more recent case of *Estate of Durlewanger* (1940) [citation], there appeared in printing near the top of the one-page document,

---

[1]"A holographic will is one that is entirely written, dated and signed by the hand of the testator himself. It is subject to no other form, and need not be witnessed. No address, date or other matter written, printed or stamped upon the document, which is not incorporated in the provisions which are in the handwriting of the decedent, shall be considered as any part of the will."

'Stockton, Calif. ——————— 19——.' The testator in dating the will wrote in the first space, 'May 3,' and after the printed figures '19' he inserted the figures '38.' In reversing an order denying probate as a holographic will the court declared (p. 756 [2]), 'we do not believe . . . that the figures "19" standing alone and neither expressly nor impliedly nor by reference referred to in the will can be construed as a part thereof.

" 'The fact that the date was placed near the printed words or figures might by a forced construction be held to be some indication of an intent to adopt such printed matter, but courts should presume that the intention of the testator was that of a reasonable and prudent man under the circumstances, and should not adopt a strained construction to defeat what there is every reason to believe was the desire of the testator. [Citation.]"

We think the facts of the present case argue even more strongly against incorporation of the letterhead into the will than those in *Baker* and *Durlewanger*. It would serve no useful purpose to review appellants' arguments at length, for we are of the view that the entire letterhead was surplusage and none of it was incorporated into the will; accordingly, the relationship of the impressed portions of the letterhead to its handwritten portions becomes irrelevant, immaterial, and inconsequential. Since the letterhead is not a part of the will and must be disregarded, the will is one which is entirely written, dated, and signed by the hand of the testator, and hence qualifies as a holographic will under Probate Code section 53.

The judgment is affirmed.

Herndon, Acting P. J., and Wright, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 24, 1970. Wright, C. J., did not participate therein.