[S. F. No. 8706.  Department One.—August 8, 1918.]

In the Matter of the Estate of MARGARET E. HURLEY, Deceased. CATHERINE E. KANE et al., Appellants; W. J. HYNES, as Administrator, et al., Respondents.

ESTATE OF DECEASED PERSON—HOLOGRAPHIC WILL—INSUFFICIENT EXECUTION.—In the absence of anything on the face of the will to raise the inference that the name of the deceased in the *exordium* was intended as a signature in execution, a holographic document cannot be deemed a valid will.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to revoke a previous order admitting to probate a certain document as the last will of a deceased person. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

David L. Levy, Walter Shelton, and George K. Ford, for Appellants.

Ervin S. Best, and Louis H. Brownstone, for Respondents.

SHAW, J.—The appeal is taken from an order refusing to revoke a previous order admitting to probate a certain document as the last will of Margaret E. Hurley, deceased.

The petition for revocation alleged as grounds therefor that the will so admitted was not signed by the hand of the deceased nor subscribed at the end thereof by the deceased, and is not her last will. The following is a copy of the document as set forth in the record:

"San Francisco June 6th 1902

"I Margaret E. Hurley being of sound mind and body do make this my last will and testament I be-queath to Lavinia Giesting one thousand dollars to Irma Giesting one thousand dollars to Gertrude Giesting one thousand dollars to Mrs. Nash and her sister Mrs. Hanig five hundred dollars each to Miss Nelly White five hundred dollars to Edgar Gillern of Alameda five hundred dollars to Mrs. Blanchard of 1366 Ellis St five hundred dollars to Mrs. Titcomb five

hundred dollars to Mrs. Skelly of Alameda five hundred dollars to Lilian and Bertha Morris five hundred each''

The rule in this state regarding the place of the signature and the essentials thereof to a holographic will is settled by the two decisions in *Estate of Manchester,* 174 Cal. 417, [Ann. Cas. 1918B, 227, L. R. A. 1917D, 629, 163 Pac. 358], and *Estate of McMahon,* 174 Cal. 423, [L. R. A. 1917D, 778, 163 Pac. 669]. The first case was decided by Department One and the second by Department Two, but the entire question was carefully considered by the whole court in deciding the two cases. In *Estate of Manchester* the document proposed as a will began in a manner similar to that of the document here in question and it terminated without any signature other than the one at the beginning. There was nothing on the face of the will to indicate that the testatrix intended to adopt the signature in the introduction as the signature to the will. It was held that the will was not signed and did not constitute a will. In *Estate of McMahon* the signature appeared in the opening clause and there was no signature at the close of the will or elsewhere therein, but the concluding clause contained the statement, ''I do hereby publish and declare the *foregoing* entirely written, dated and *signed* by my own hand, to be my last will and testament.'' (The italics are ours.) This was held to be a sufficient declaration of the intention of the testatrix to adopt the signature written by her in the *exordium* of the will as her signature in execution of it, and accordingly the order admitting the will to probate was affirmed.

In *Estate of Manchester,* on this subject, the court said: ''The true rule, as we conceive it to be, is that, wherever placed, the fact that it was intended as an executing signature must satisfactorily appear on the face of the document itself. If it is at the end of the document, the universal custom of mankind forces the conclusion that it was appended as an execution, if nothing to the contrary appears. If placed elsewhere, it is for the court to say, from an inspection of the whole document, its language as well as its form, and the relative position of its parts, whether or not there is a positive and satisfactory inference from the document itself that the signature was so placed with the intent that it should there serve as a token of execution. If such

inference thus appears, the execution may be considered as proven by such signature." This rule was followed in *Estate of McMahon* with the result above stated.

In the present case the signature appears in the opening statement of the paper, but there is nothing in the document or in the closing paragraph to indicate that the testatrix intended to adopt that signature as the executing signature of the will. Indeed, the contrary may be inferred from the fact that the will terminates without even a punctuation mark, thereby indicating that the testatrix ceased writing before she had completed declaring her intention and that she did not regard the document as a completed will. But the contrary inference need not appear. In the absence of anything on the face of the will to raise the inference that the name in the *exordium* was intended as a signature in execution, the holographic document cannot be deemed a valid will. For these reasons we think the court erred in admitting the will to probate, and that the application to revoke the same should have been granted.

The order is reversed.

Sloss, J., and Richards, J., *pro tem.*, concurred.