[L. A. No. 9965. In Bank.—March 14, 1928.]

In the Matter of the Estate of JOHN Y. OLDHAM, Deceased. W. B. OLDHAM et al., Appellants, v. GRACE CARR OLDHAM et al., Respondents.

W. M. Holland and Wingert, Nicholas & Shobert for Appellants.

William L. Kuehn, for Respondents.

CURTIS, J.—This appeal is taken from an order denying the contest of W. B. and J. F. Oldham to the admission to probate of a certain document purporting to be the last will and testament of John Y. Oldham, deceased, and admitting said document to probate as the last will of said deceased. The ground of said contest is that said document, which purports to be a holographic will, is not entirely written, dated, and signed by the hand of the said John Y. Oldham. The document consists of three sheets of office stationery of the deceased. Upon each of said sheets of paper there were printed at the top thereof the name of the deceased and his address, including the name of the building and the city wherein his office was located. The printed matter on said sheets of paper was as follows:

"Dr. John Y. Oldham
Merchants National Bank Bldg.
Los Angeles, Calif."

It is claimed by appellants that the printed words "Los Angeles, Calif." appearing on the first of these three sheets

of paper are a part of said will, and not being in the handwriting of the testator render the whole document invalid as a holographic will. Appellants rely upon *Estate of Bernard*, 197 Cal. 36 [239 Pac. 404], in support of this contention. In that case it was held that the words "Long Beach, California," upon certain hotel stationery used by the deceased in her attempt to make a holographic will rendered the instrument invalid as a holographic will. In the Bernard case, however, the document which it was sought to probate as a holographic will bore at the top of the first page thereof the following caption: "The following 4 sheets of paper included, Long Beach, California, Oct. 12, 1918," all of which was in the handwriting of the deceased except the words "Long Beach, California." In holding that the words "Long Beach, California," were a part of the document which the deceased intended to execute, and that by their inclusion therein said document was rendered invalid, this court said: "The printed words are incorporated in and doubtless were intended to be made a part of the heading of the document. The care with which the date has been placed upon the precise line with the printed words indicates that the words immediately preceding the date must have been intended to be made a part of the document as the name of the place of the execution of the document. Moreover, this construction, based upon the relative position of the words, is supported by the juxtaposition of the written word 'included' and the printed words 'Long Beach, California,' which are in a direct and immediate line thereto. It thus appears that decedent not only wished to make the date a part of the document, but to make, also, the printed portion, designating the place of the making of the document, an essential part of the document. Unless it can be said that the clause at the very top of the will, which reads, 'The following 4 sheets of paper included,' is a material part and parcel of the will, then there is nothing on the face of the document which in anywise indicates that the testator had executed a completed instrument; and if we take that clause to be a material part of the will, then we are confronted with the fact that the printed words 'Long Beach, California,' are likewise a material part and parcel of the will, and therefore it cannot be said, in keeping with the rule enunciated in the *Estate of Thorn* (183 Cal. 512 [192

Pac. 19]), *supra,* that the will was entirely written by the hand of the testator.''

It will thus be seen that in the *Estate of Bernard* great stress was laid upon the caption or heading of the document containing the printed words, and it was expressly held that by the use of this heading the deceased had made not only the date, which was absolutely necessary to the validity of the document as a testamentary disposition, but also ''the printed portion, designating the place of the making of the document, an essential part of the document.'' In the instrument now before us and which, it is contended, is the last will of John Y. Oldham, deceased, we find no reference whatever to the printed words appearing upon stationery used by the deceased in the preparation of said instrument. These printed words are not expressly, by direct reference, or impliedly, by inference or otherwise, made a part of the written instrument set forth on the sheets of paper upon which they appear. It is not contended by appellants that the name of Dr. Oldham, nor the name of the building in which he had his office, both of which were printed upon each of the three sheets of paper, are any part of the written document appearing thereon, neither is it claimed that the words ''Los Angeles, Calif.,'' appearing upon the second and third sheets, are any part of the writing itself. It is claimed only that these words appearing upon the first sheet, being followed by the date, written approximately on the same line, are thus made a part of the written document itself. In *Estate of Bernard* a similar situation was referred to and was considered as a possible circumstance which, taken in connection with the fact that these printed words appeared in the caption of the instrument along with words written by the deceased, tended to show an intent on the part of the deceased to make the printed words a part of the instrument itself. This circumstance standing alone, as it does in the present proceeding, is so slight that it would not warrant the conclusion that the deceased, by simply writing after the printed words the date of the document, thereby intended to make such printed words any part of the document itself. The printed words appearing upon the three sheets of paper upon which the deceased attempted to write his will are wholly disconnected from the writing itself, and they form no part thereof. ■ Our attention has

not been called to any authority, nor are we aware of any such, which holds that the mere presence of printed words upon a sheet of paper, used by a person for the purpose of writing thereon a holographic will, renders the will invalid when such printed matter is no part of the writing, and is wholly dissociated therefrom. It follows from the views expressed herein that the document admitted to probate was the valid will of said deceased, and the order denying appellants' contest and admitting to probate said document as the last will and testament of said deceased should be and is hereby affirmed.

Richards, J., Shenk, J., Seawell, J., Preston, J., Langdon, J., and Waste, C. J., concurred.