[Civ. No. 7040. Second Appellate District, Division Two.—January 30, 1930.]

In the Matter of the Estate of JOSEPH M. WHITNEY, Deceased. CLARA LOUISE PELKEY, Appellant, v. THE SOUTHERN CALIFORNIA ASSOCIATION OF SEVENTH DAY ADVENTISTS (a Corporation) et al., Respondents.

Thomas W. Cochran for Appellant.

Kemper Campbell and Chas. L. Nichols for Respondents.

BURNELL, J., *pro tem.*—The appeal is from an order refusing to revoke the probate of an alleged holographic will. Although the contestant had included several grounds in her petition, all but one of these were abandoned at the hearing, so that the only question presented to the court below and to us on this appeal is whether or not the document was "entirely written, dated and signed by the testator himself."

The purported will was written upon one sheet of what appears to be the office stationery of the Allied Petroleum Corporation, and except for the printed matter thereon was in the handwriting of and signed by the testator. Approximately one and one-quarter inches below the top of the sheet, and in large type, are printed or embossed the words "Allied Petroleum Corporation." There is a margin of about two and a quarter inches on each side of these words, which occupy a space of about three and one-half inches in length. In the upper left-hand corner of the sheet are printed in much smaller type the words "Officers and Directors," and directly under these words the names and titles of the president, vice-president and secretary-treasurer, while in the corresponding position in the right-hand upper corner, and in the same sized type, appears the word "Directors," and under it the names of three individuals. Commencing at the middle of the sheet, and about three-eighths of an inch below the words "Allied Petroleum Corporation," is the following: "Montebello, California. ——— 192—." This is all the printed matter which is contained on the sheet, all else being admittedly in the handwriting of the testator and consisting of the following: At the top of the sheet, between the list of officers and directors occupying the right and left-hand upper corners thereof, and just above the printed words "Allied Petroleum Corporation," are the written words "Last Will an [*sic*] Testament of Joseph M. Whitney." To the left of the printed words "Montebello," etc., appear the words "In the Name of God Amen," this phrase being written at so slight a distance below the line of the word "Montebello" that the upper loops of the letters extend above said line

prolonged to the left. The space above the line between the word "California" and the figures "192—" has written in it the date "January 9th," while the figure "4" is written in the space following the figures "192." Below the words "In the Name," etc., and the date line filled in as above described is the body of the will, the last paragraph of which (excepting for an addition or codicil) reads: "In witness hereof [sic] I have set my hand and seal this 10th day of Jany Nineteen hundred & Twenty four A. D." Below this is the signature of the testator.

It is appellant's contention that the presence of the printed matter on the sheet on which the will was written, and particularly of the date line reading "Montebello, California, *January 9th,* 1924," the italicized portion of which was in the testator's writing and the rest printed, vitiates the document as an holographic will. In support thereof she relies on *Estate of Thorn,* 183 Cal. 512 [192 Pac. 19], *Estate of Francis,* 191 Cal. 600 [217 Pac. 746], and *Estate of Bernard,* 197 Cal. 36 [139 Pac. 404], in each of which cases it was held that the presence of printed matter in and forming a part of the instrument involved vitiated it as an holographic will. These decisions, however, are distinguished, if not in effect overruled by the later rulings of the Supreme Court in *Estate of Oldham,* 203 Cal. 618 [265 Pac. 183], and *Estate of De Caccia,* 205 Cal. 719 [61 A. L. R. 393, 273 Pac. 552].

In the first of the cases last cited the will in question was written by the testator on three sheets of paper, each of which had printed at the top thereof the name and office address of the testator, below which appeared the words, also printed, "Los Angeles, Calif." In other words, the paper used was the office stationery of the decedent. On the first sheet the words "Los Angeles, Calif." were followed by the date, written approximately on the same line. Discussing the Bernard case, relied on there, as here, by the appellants, the court noted that it had there held that the instrument in question was not an holographic will because the printed words were incorporated in and doubtless were intended to be made a part of the heading of the document, and that "it was expressly held that by the use of this heading the deceased had made not only the date, which

was absolutely necessary to the validity of the document as a testamentary disposition, but also 'the printed portion, designating the place of the making of the document, an essential part of the document.' " Distinguishing the instrument involved in the Bernard case from that in the case under review, the opinion proceeded: "In the instrument now before us and which, it is contended, is the last will of John Y. Oldham, deceased, we find no reference whatever to the printed words appearing upon stationery used by the deceased in the preparation of said instrument. These printed words are not expressly, by direct reference, or impliedly, by inference or otherwise, made a part of the written instrument set forth on the sheets of paper upon which they appear." Referring particularly to the contention that the testator had, by writing the date after and on approximately the same line as the words "Los Angeles, Calif.," made those printed words a part of the written document, the court said: "In *Estate of Bernard* a similar situation was referred to and was considered as a possible circumstance which, taken in connection with the fact that these printed words appeared in the caption of the instrument along with words written by the deceased, tended to show an intent on the part of the deceased to make the printed words a part of the instrument itself. This circumstance standing alone, as it does in the present proceeding, is so slight that it would not warrant the conclusion that the deceased, by simply writing after the printed words the date of the document, thereby intended to make such printed words any part of the document itself." The opinion closes with the following language: "The printed words appearing upon the three sheets of paper upon which the deceased attempted to write his will are wholly disconnected from the writing itself, and they form no part thereof. Our attention has not been called to any authority, nor are we aware of any such, which holds that the mere presence of printed words upon a sheet of paper, used by a person for the purpose of writing thereon an holographic will, renders the will invalid when such printed matter is no part of the writing, and is wholly dissociated therefrom. It follows from the views expressed herein that the document admitted to probate was a valid will of said deceased, and the order denying appellants' contest and admitting to

probate said document as the last will and testament of said deceased should be and is hereby affirmed.''

In the De Caccia case the will was written on stationery upon which the words ''Oakland, California,'' were printed, these words being followed by the date, written by the testator, as was the balance of the instrument. The body of the will commenced near the upper left-hand corner of the sheet on which it was written. The first three lines terminated but a short space beyond the center of the sheet, or over an inch to the left of the printed words, and the first line commenced directly opposite the same. The decedent, however, did not follow a straight line in his chirography, with the result that the last words of the first line written by him were slightly nearer the top of the page than were the printed words. The whole of the second line was below the level of the printed words. The entire will consisted of nine lines only. It contained no date except as above stated. The trial court had held ''that the printed words 'Oakland, California' were. a part of the instrument executed and signed by the decedent, and, therefore, that the instrument was not entirely in the handwriting of the deceased, and for that reason could not be and was not his last will and testament.''

Reversing this ruling, the Supreme Court held that the rule announced in the Oldham case was applicable, and again distinguished the Bernard case. We quote from the opinion: ''The instrument now before us resembles in many respects that held to be a valid holographic will in the *Estate of Oldham, supra*. The date simply follows the printed words appearing upon the instrument. The printed words are not preceded by any writing of the decedent in which a reference is made to said printed matter, as was found to be the case in *Estate of Bernard, supra,* indicating that it was the intention of the testator to make them a part of the instrument. It is true that decedent, in the writing of the document, began the same to the left, and directly opposite to the printed words, and that the first line written by him ended slightly nearer the top of the page than were the words, 'Oakland, California,' but there was nothing in this line, or, for that matter, in any part of the instrument, referring in any manner to said printed words, much less indicating an intention to make them, as

was said in *Estate of Bernard, supra,* 'an essential part of the document.' Respondents make mention of the fact that the first line of the will is slightly above the printed words, and rely upon this circumstance as indicating an intention by the testator to make the printed words a part of the will. Even if the testator intentionally wrote some part or the whole of the first line above the printed matter, but did not make any reference therein to the printed words, we hardly see how the mere fact of this relative position of the words in the instrument would indicate any intention to make the printed words a part of the will. . . . It is further contended by respondents. that the deceased used scrupulous care to write the date, 'Fed. 14th-27,' on the same line and as close as possible to the printed words, 'Oakland, California,' and thus manifested a clear intention to connect the printed words in the instrument with the date of its execution. The difference between the relative position of the printed words and the written date following in the instrument now before us and in that considered in *Estate of Oldham, supra,* is so slight as to be almost negligible. In the Oldham will the date was so nearly in line with the words 'Los Angeles, Calif.,' that in deciding that case we referred to them as 'being followed by the date, written approximately on the same line.' We do not believe that this slight difference in the two instruments in this respect would justify a decision in one upholding it as a legal instrument and in the other a decision declaring it invalid. In other words, we are of the opinion that the two instruments in the respect just referred to are so similar that the rules governing their construction must apply alike to both documents, and that if one was upheld as a valid will the same ruling must apply to the other. . . . The mere fact that the decedent placed the date immediately after and upon the exact line with the printed words in the instrument is not in itself sufficient to show that he thereby intended to make said printed words a part of said instrument. Nowhere in said instrument is there any reference made to the printed words upon the sheet of paper used by said decedent for the purpose of writing his will. The printed words are in no way essential to the validity of the instrument as an holographic will, and we are not to presume that the decedent made them a part of the instrument he executed with-

out some evidence appearing upon the face of the instrument itself manifesting such an intention. The mere presence of printed matter upon stationery used by a person for the purpose of writing his holographic will, which forms no part of the written instrument and to which no reference, directly or indirectly, is made in the written instrument, will not destroy the effect of such instrument as a holographic will.''

The will under consideration here presents even a stronger case for the proponents than did either of the instruments found to be holographic wills in the two cases just reviewed. Here the date written at the top of the instrument following the printed words ''Montebello, California,'' may be deemed not to have been intended by the decedent as the date of the instrument at all, since the last sentence of the will proper states that it was executed on January 10th, a day later than the date first written. It most certainly could not be deemed that the name of the corporation or the names of its officers and directors were intended by the testator as any part of the instrument. The presence of the words ''Last Will an [*sic*] Testament of Joseph M. Whitney'' at the top of the sheet as above described is immaterial, even if such words be deemed an essential portion of the will, which they are not.

The order is affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.