Argued and submitted April 20, affirmed in part, reversed in part
and remanded August 31, 1983

In the Matter of the Estate of
Carol W. Langan, Deceased.

McCARTHY et al,
*Respondents,*

*v.*

BANK OF CALIFORNIA,
*Appellant.*

(E3555; CA A24059)

668 P2d 481

James R. Cartwright, Portland, argued the cause and filed the briefs for appellant.

Glen McClendon, Portland, argued the cause for respondent Charles C. McCarthy. With him on the brief were Rick Haselton, and Lindsay, Hart, Neil & Weigler, Portland.

No appearance for respondents James J. Langan and Mignon E. Whitfield.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

In this will contest, contestants petitioned the probate court to revoke the probate of decedent's will dated April 30, 1976, contending that decedent lacked testamentary capacity to execute the will and that the will was the result of undue influence by the principal beneficiary. Contestants also petitioned for the admission to probate of an earlier will, dated September 26, 1973. The trial court revoked the probate of the 1976 will and admitted the 1973 will to probate. The Bank of California, as personal representative under the 1976 will, appeals.

■    We will not reiterate those facts necessary to determine whether the principal beneficiary unduly influenced decedent. We are satisfied that the trial court's careful analysis correctly concludes that decedent's April, 1976, will was the product of undue influence by the principal beneficiary. However, we disagree with the trial court's decision to admit the 1973 will to probate. Under the applicable California law, it was validly revoked.

All the pertinent events occurred in California. Decedent's September 26, 1973, will divided the bulk of her estate in one-fourth shares among her sister, Vera Wiltrout, her nephew, Max Hockett, her neice, Corinne Lutz, and her grand-nephew, Boyce Wiltrout. On July 26, 1974, decedent wrote "cancelled" in the right-hand margin of the will. She signed her name above the word "cancelled" and inscribed the date "7-26-74" below it. She also drew lines through the title "Last Will and Testament of Carol W. Langan."

A long-time associate of decedent, Mr. Thalor, testified, "She cancelled that [will] right in front of me. I told her, you can't cancel a will, but I am not a lawyer, so I didn't know anything about that. But she said, 'I cancel it and I will get a different one.'" Mr. Thalor further testified that decedent "was unhappy with some of the people in the will." Also, Mr. Barnett, the attorney who drafted the 1976 will, testified that when he met with decedent in April, 1976, regarding the preparation of the 1976 will, decedent showed him the 1973 will and "said this was her old will that she had cancelled * * *." The trial court ruled that California law controlled whether the

1973 will was validly revoked[1] and that decedent's statements did not establish a present intent to revoke it. The trial court therefore admitted it to probate.

California Probate Code, Section 74, provides:

"Except as hereinabove provided, no written will, nor any part thereof, can be revoked or altered otherwise than:

"(1) **Instrument executed with same formalities.** By a written will, or other writing of the testator, declaring such revocation or alteration, and executed with the same formalities required for the execution of a will; or,

"(2) **Cancellation; defacing; destruction; etc.** By being burnt, torn, cancelled, defaced, obliterated or destroyed, with the intent and for the purpose of revoking the same, by the testator himself, or by some person in his presence and by his direction. If such act is done by any person other than the testator, the direction of the testator, and the fact of such injury or destruction, must be proved by two witnesses."

Petitioner contends that under California law decedent's act of lining out the title "Last Will and Testament of Carol Langan," coupled with her clear statements of intention, satisfy the terms of section 74(2). We need not reach that contention to decide the present case.

■■■ California law, unlike that of Oregon, provides for holographic wills. The requirements for a valid holographic will are set forth in the California Probate Code, section 53,[2] and are fleshed out in California case law. A holographic will must be written, signed and dated by the hand of the testator. *Estate of Mangeri,* 55 Cal App 3d 76, 127 Cal Rptr 438, 441 (1976). The requirement of testamentary intent is applicable to holographic wills. *Estate of Bloch,* 39 Cal 2d 570, 248 P2d 21, 22 (1952). The presence of printed or typewritten matter that is not a part of the will does not invalidate an otherwise valid holographic will. *Re Estate of Oldham,* 203 Cal 618, 265 P 183,

---

[1] That ruling has not been appealed.

[2] Section 53 provides:

"A holographic will is one that is entirely written, dated and signed by the hand of the testator himself. It is subject to no other form, and need not be witnessed. No address, date or other matter written, printed or stamped upon the document, which is not incorporated in the provisions which are in the hand writing of the decedent, shall be considered as any part of the will."

184 (1928). An informal document that demonstrates testamentary intent may be an effective holographic will. *Re Estate of Button,* 209 Cal 325, 287 P 964, 966-67 (1930). An abbreviated date does not invalidate an otherwise valid holographic will, so long as it indicates day, month and year. *Re Estate of Vance,* 174 Cal 122, 162 P 103, 104 (1916). The California Probate Code, section 74, provides that a will can be revoked by a written will "or other writing of the testator, declaring such revocation, and executed with the same formalities required for the execution of a will."

In *In Re Smith's Estate,* 31 Cal 2d 563, 191 P2d 413 (1948), the California Supreme Court acknowledged that "[a] will may be revoked by an express written declaration of that intent executed with the same formalities required for the execution of a will." *Smith's Estate* involved a holographic revocation clause written across the face of an otherwise valid typewritten will. The proponents of the will urged that, because the holographic writing failed to refer specifically to the will, it was ineffective as a revocation. *In Re Smith's Estate, supra,* 191 P2d at 415. In holding that the will was validly revoked, the court determined that: (1) the handwritten revocation clause, including the date and signature, was by the hand of the decedent; (2) the mere writing of the revocation clause across the face of the typewritten will did not destroy the revocation clause's authenticity as a valid holographic instrument; and (3) the law of California is well settled that a "holographic * * * instrument may refer to * * * another testamentary instrument executed with different statutory formalities * * * so long as the reference is unmistakable or with the aid of extrinsic proof can be made so." *In Re Smith's Estate, supra,* 191 P2d at 415. The court thus held that the holographic writing effectively revoked the typewritten will.

■　　In the present case, decedent's statements clearly show that she intended to revoke her 1973 will. That intent, coupled with a valid holographic revocation, leaves no doubt that it was revoked.

Affirmed in part; reversed in part; and remanded.